**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

SUSAN J. BELL, *

Plaintiff, *

v. * Civil Action No. AW-06-941

MANUGISTICS GROUP, INC., *

Defendant. *

*****

**MEMORANDUM OPINION**

This action involves alleged disability discrimination on the part of the Defendant, Manugustics Group, Inc. ("Manugistics" or "Defendant") against one of its former employees, Susan J. Bell ("Bell" or "Plaintiff"). Bell's *pro se*[1] complaint, which was removed from the Circuit Court for Montgomery County, Maryland, alleges that Manugistics violated "applicable state, county, and federal laws that prohibit disability discrimination" when it refused to accommodate Bell, who was diagnosed with chronic fatigue syndrome, with a part-time work schedule. Currently pending before the Court is Defendant's unopposed Motion to Dismiss [5], in which Defendant argues that Bell's failure to exhaust administrative remedies deprives this Court of jurisdiction over her claims. The Court has reviewed the entire record and determined that no hearing is necessary. *See* Local Rule 105.6 (D.Md. 2004). For the reasons stated below, the Court will dismiss Plaintiff's federal claims and remand the remaining state law claims to state court.

## I. FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Manugistics,

[1]Although Bell is proceeding *pro se*, she is herself an attorney.

a Maryland-based software-development company, hired Bell as its Deputy General Counsel in March of 2000. In November 2000, Bell was diagnosed by her physician as suffering from chronic fatigue syndrome. In May of 2001, Bell requested and was granted leave without pay pursuant to the Family Medical Leave Act ("FMLA"). When her FMLA leave was nearly exhausted, Manugistics contacted Bell and informed her that she was expected to work full time when she returned to the office. Bell responded with a letter stating that although she had partially recovered from her condition, she was not yet ready to be back in the office five days per week. Bell proposed a modified work schedule, which had been approved by her physician, under which she would be in the office three days per week and work from home two days per week. On August 2, 2001, Manugistics rejected Bell's proposal, stating that the Deputy General Counsel position required her full-time presence in the office. Bell was also informed that her employment with Manugistics had been terminated.

On October 12, 2001, Bell filed an employment discrimination complaint with the Montgomery County Office of Human Rights (the "OHR"), which cross-filed the complaint with the United States Equal Employment Opportunity Commission (the "EEOC"). On September 21, 2005, nearly four years after her complaint was filed, the OHR terminated its investigation of Bell's claims. In a comprehensive opinion and ruling, the OHR concluded that Bell's chronic fatigue syndrome was not a "disability" that "substantially limited a major life activity" within the meaning of the Americans with Disabilities Act ("ADA"); that, even if Bell met the standards of disability, she had failed to show that she was capable of performing the "essential functions" of her position; and that Bell had hindered the OHR's investigation of her claims by failing to provide rebuttal information with respect to Manugistics' answers to her original charges. The OHR report noted that

although a signed return receipt indicated that on April 20, 2002, Bell received a summary of Manugistics' answers to her claims, she had failed to respond to the OHR's request for rebuttal information. The report also stated that more than two years later, in October 2004, Bell contacted the OHR and indicated the she would finally provide the requested information. However, as of the date of the report, which was issued in September 2005, Bell had failed to do so. The OHR report concluded:

> The Complainant asserted a prima facie allegation of discrimination subject to investigation. The Respondent provided verified non-discriminatory reasons for its actions. Complainant did not respond to the request for rebuttal. Therefore, the investigation is hereby terminated and the case is closed.

On October 21, 2005, the EEOC issued a dismissal notice indicating that it had adopted the OHR's findings and that Bell had ninety days within which to file suit. On January 19, 2006, at the end of the ninety-day period, Bell filed a complaint in the Circuit Court for Montgomery County, Maryland, alleging discrimination under "applicable state, county, and federal laws that prohibit disability discrimination." Compl. ¶ 21. The Complaint does not specifically reference the ADA or any state or local antidiscrimination statutes. Manugistics then filed a timely notice of removal, asserting that the Complaint, with its reference to "federal laws that prohibit disability discrimination," is implicitly predicated upon the ADA. On April 19, 2006, Manugistics filed the instant motion to dismiss, contending that Bell's failure to participate in the OHR's investigation of her claims constitutes nonexhaustion of administrative remedies and that Bell's complaint should, consequently, be dismissed for lack of subject matter jurisdiction. Although any opposition was due on May 8, 2006, Bell has not, as of the present date, filed an opposition brief or moved for an

extension of time in which to do so.[2] Thus, Manugistics' motion to dismiss is ripe for review, and the Court now issues this opinion.

## II. MOTION TO DISMISS STANDARD

Motions to dismiss for failure to exhaust administrative remedies are governed by Federal Rule of Civil Procedure 12(b)(1). *Khoury v. Meserve*, 268 F.Supp.2d 600, 606 (D. Md. 2003). When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiff's favor. *Khoury*, 268 F.Supp.2d at 606.

## III. ANALYSIS

### I. Federal Claims Under the ADA

"It is well settled that a plaintiff may not assert an ADA discrimination claim in court until he has exhausted the administrative remedies as to that claim." *Talbot v. U.S. Foodservice, Inc.*, 191 F. Supp. 2d 637, 639 (D. Md. 2002) (citing 42 U.S.C. § 12117(a); *Ansley v. Varsity Transit, Inc.*, 1999 WL 672526, at *3 (S.D.N.Y. 1999) (explaining that the ADA incorporates by reference the procedures that apply under Title VII, including administrative exhaustion of remedies)); *see also Danfelt v. Bd. of County Com'rs of Washington County*, 998 F. Supp. 606, 609 (D. Md. 1998)

---

[2] A "Rule 12/56 letter," informing Bell that a dispositive motion had been filed against her, was mailed by the Clerk's office on April 20, 2006.

(finding plaintiff to be "procedurally barred from pursuing an action under the ADA because he has not satisfied the exhaustion requirement contained in that statute by reference to Title VII").

In the instant case, Defendant argues that Plaintiff's refusal to meaningfully cooperate with the administrative process amounts to a failure to exhaust administrative remedies, thereby barring her ADA claim[3] on the ground of lack of subject matter jurisdiction. This Court agrees. Although the Fourth Circuit has not, as far as this Court is aware, definitively held that a party's failure to participate in administrative proceedings is tantamount to a failure to exhaust administrative remedies, district courts in this jurisdiction have so ruled. *See, e.g., LaPorte v. Henderson*, 176 F. Supp. 2d 464, 468 (D. Md. 2001) ("[W]here an agency or the EEOC requests information relevant to resolving the employee's complaint and the employee fails to provide that information, the employee has failed to exhaust his administrative remedies."); *Washington v. Nordstrom, Inc.*, No. Civ. A. WMN-00-2522, 2001 WL 282699, *3 (D. Md. Mar. 19, 2001) (granting defendant's motion to dismiss for lack of subject matter jurisdiction on the ground that a plaintiff who does not provide an agency with enough information to evaluate the merits of her claim cannot be deemed to have exhausted administrative remedies). In addition, federal appeals courts in other jurisdictions have reached the same conclusion. *See, e.g., Crawford v. Babbitt*, 186 F.3d 1322, 1326-27 (11th Cir. 1999) (plaintiff's failure to provide agency with requested information constituted failure to exhaust

---

[3]Although Plaintiff does not explicitly reference the ADA in her complaint, the Court finds that Plaintiff's contention that her employer violated "federal laws that prohibit disability discrimination" by refusing to accommodate her disability constitutes a prototypical ADA claim. *See Rhoads v. F.D.I.C.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001) (plaintiff establishes *prima facie* case of failure to accommodate under the ADA by showing: (1) that plaintiff was disabled within the meaning of the statute; (2) that plaintiff's employer had notice of the disability; (3) that with reasonable accommodation plaintiff could perform the essential functions of the position; and (4) that the employer refused to make such accommodation).

administrative remedies); *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999) ("In order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation."); *Barnes v. Levitt*, 118 F.3d 404, 408-10 (5th Cir. 1997) ("a complainant may not be dilatory at the administrative level . . . and then invoke the jurisdiction of the federal court").

Here, the record indicates that after filing her initial charge with the OHR, Plaintiff ceased to participate in any meaningful way in the agency's investigation of her claims. On April 8, 2002, Defendant's answers to the discrimination charges were sent to Plaintiff by certified mail, along with a request for rebuttal information. The OHR subsequently received a signed return receipt bearing Plaintiff's signature, yet Plaintiff failed to respond to the request. More than two years later, Plaintiff contacted the OHR and indicated that she would provide it with the requested rebuttal information. However, when the agency finally terminated its investigation—nearly four years after Plaintiff filed her initial discrimination charge, and nearly one year after Plaintiff contacted the OHR and stated that she would at last provide the requested information—Plaintiff still had not responded the OHR's request for rebuttal. Thus, the Court concludes that Plaintiff failed to meaningfully participate in the administrative process, and, as such, has failed to exhaust her administrative remedies. Consequently, Plaintiff's claim under the ADA shall be dismissed for lack of subject matter jurisdiction.

## II.    Claims Under Maryland State Law and the Montgomery County Code

Defendant also urges the Court to dismiss Plaintiff's claims under state and local law. Because this Court has determined that it lacks subject matter jurisdiction over Plaintiff's federal

claims,[4] the Court has discretion to address Plaintiff's state law claims under its supplemental jurisdiction or to remand the balance of this case to state court. *See* 28 U.S.C. § 1367(c); *Hinson v. Norwest Fin. South Carolina, Inc.*, 239 F.3d 611, 616 (4 th Cir. 2001) (holding that under § 1367(c), district courts have discretion to remand removed state law claims when the federal claims drop out of a case). In exercising this discretion, the Court must weigh factors of judicial economy, convenience, fairness, and comity. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Upon consideration of these factors, the Court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims. First, Maryland courts have greater expertise in the application of Maryland's antidiscrimination laws, and stronger interest in the resolution of this controversy, than does this forum. In addition, this case is still in its incipient stages, and "[w]hen the single federal-law claim in [an] action [is] eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Cohill*, 484 U.S. at 351. Finally, there is no indication that the parties will be inconvenienced by litigating this action in state court. Accordingly, Plaintiff's remaining state law claims shall be remanded to the Circuit Court for Montgomery County, Maryland.

---

[4]Diversity jurisdiction under 28 U.S.C. § 1332 is not present here; although the parties appear to be citizens of different states, Plaintiff claims less than the $75,000 jurisdictional minimum in damages.

## IV.    CONCLUSION

For all of the aforementioned reasons, the Court will grant-in-part and deny-in-part Defendant's Motion to Dismiss [5].  Specifically, the Court will dismiss Plaintiff's federal claims and remand the remaining state law claims to the Circuit Court for Montgomery County, Maryland. An Order consistent with this Opinion will follow.


Date:   May 26, 2006                                                          /s/
                                                                    Alexander Williams, Jr.
                                                                    United States District Court